## FEDERAL DISCOUNT COMPANY, Appellant, v. SAM Z. REID, Respondent.

### Kansas City Court of Appeals, March 4, 1912.

1. **BILLS AND NOTES: Sales: Failure of Consideration.** Where goods purchased under a contract of sale did not measure up to the standard of the contract but the purchaser retained the goods, there is not a complete but only a part failure of consideration for the bills of exchange accepted for their payment.

2. ————: **Innocent Purchaser.** Where it is shown that bills of exchange were not transferred in good faith but for the purpose of cutting off defenses, the holder is not an innocent purchaser for value before maturity.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris, Judge.*

REVERSED AND REMANDED.

*McBaine & Clark* for appellant.

*Stephens & Collier* for respondent.

JOHNSON, J.—This action commenced in the circuit court January 10, 1911, is on four bills of exchange of seventy-two dollars each, drawn on defendant by the St. Louis Jewelry Company, May 12, 1909, and duly accepted by defendant. The bills

matured respectively in six, eight, ten and twelve months after date and plaintiff claims that before the maturity of any of them it purchased the bills of the Jewelry Company for a valuable consideration and became the indorsee and holder of them. The substance of the answer is that the bills were procured from defendant by fraud practiced by the Jewelry Company, that there is a total failure of consideration and that plaintiff was not a bona fide purchaser for value before maturity but was a party to the fraud and deceit of the Jewelry Company. A trial of the issues resulted in a verdict and judgment for defendant and plaintiff appealed.

The St. Louis Jewelry Company, a corporation doing business in St. Louis as a jobber of cheap jewelry, sent a traveling salesman to defendant who is a grocer in Columbia and the salesman secured a written order duly signed by defendant for an assortment of jewelry consisting of collar and cuff buttons, scarf pins, chains, brooches, lockets, bracelets, filled and solid gold rings, fobs, belt pins and buckles, bracelets, etc. The amount of the order was $288 and the bills in controversy were accepted by defendant and delivered to the Jewelry Company in payment of the purchase price. The different articles are fully itemized and described in the written order and there is no evidence in the record tending to show that goods of the kind and quality described were not of the values charged in the order, or not suitable to the purposes for which they were purchased by defendant. The charge of fraud perpetrated by the Jewelry Company in the procurement of the contract of sale is wholly unsustained by proof, but defendant adduced substantial evidence tending to show that some of the goods delivered pursuant to the order were of an inferior quality to the description of such goods in the order and a fair inference may be indulged that, as a whole, the goods delivered did not measure up to the standard

of the contract and that while they possessed value as merchandise—as grocery store jewelry—such value was less than the contract price. The evidence fails completely to show the quantum of the· damage suffered by defendant on account of inferior quality.

In his testimony defendant attempts to give the impression that he rescinded the contract by offering to return the goods, but his own letters written long after he knew of the inferiority of the goods and his whole conduct show beyond question that he made no such offer but retained the goods with the exception of a few articles returned for exchange and did nothing to repudiate the sale. By retaining the goods with knowledge of the fact that the Jewelry Company had breached the contract, defendant elected to stand on the contract, to ratify the sale, and since the goods were of some value, there could not be a complete but only a partial failure of consideration for the bills and the burden was on defendant to show by proof the extent and amount of such partial failure.

In the recent case of Mercantile Company v. Tate, 156 Mo. App. 236, we considered a similar sale under a contract almost identical with that now in hand. The only difference between the two cases is that in that case the defendants repudiated the contract and stood on a rescission of the sale, while here, as we have stated, defendant chose to stand on the contract. We said in our opinion in the Tate case:

"Nor do we sanction the argument of defendants that the contract was procured by false and fraudulent representations. There is no evidence that the samples shown defendants ·did not correspond to the articles described in the contract and defendant's own expert witnesses do not say that defendants would not have received a fair and reasonable consideration for their money had the goods delivered fulfilled the contract descriptions. The case is narrowed to the

single issue of whether or not plaintiff complied with the contract. If it did, defendants had no ground for a rescission of the sale and if it did not, defendants stand justified in the course they pursued and plaintiff has no cause of action for the purchase price."

And so in the present case, if defendant had elected to rescind the sale on the ground of the vendor's breach in failing to deliver goods conforming to the specifications of the contract the learned trial judge would have been right in instructing the jury, as he did, to find for the defendant if they should believe from the evidence "that the jewelry sold to defendant by the St. Louis Jewelry Company did not come up to the contract of sale." But such instruction was erroneous as applied to the issues in this case, for the reason that the defense of rescission is not available to defendant and since the goods have value as merchandise and defendant retained them, the only defense open to him under the pleadings and evidence is that of a partial failure of consideration.

Of course the error was prejudicial and calls for a new trial of the cause. Counsel for plaintiff contend that the evidence shows conclusively that plaintiff was an innocent purchaser of the bills for value before maturity and, therefore, that the court should have peremptorily directed a verdict for him, despite the defense of partial failure of consideration which defendant could have urged had the Jewelry Company remained the holder of the paper and brought suit to collect it. There is direct evidence in the record to the effect that plaintiff is a corporation engaged in the business of dealing in commercial paper and bought this paper in the regular course of business without notice of any equities between the parties, but facts and circumstances were adduced by defendant which support the inference that the paper still belongs to the Jewelry Company and that the

162 App.—16

alleged sale and transfer to plaintiff was not in good faith but for the purpose of cutting off defenses to the collection of the paper. This conflict in the evidence raised an issue of fact for the jury to determine and we find this issue properly defined in the instructions.

For the error noted the judgment is reversed and the cause remanded. All concur.